Good morning and may it please the court. My name is Meenush Kandel with the ACLU Foundation of Southern California on behalf of Appellants Oma's Angel Foundation and Ken Chibwe. I would like to save two minutes for rebuttal. All right. Appellants seek an opportunity to litigate their Vital claims involving the freedom of movement and equal protection cannot be relegated to a grievance process that lacks the due process protections provided in state litigation when those claims were never part of the lawsuit or settlement which appellees seek to force upon the plaintiffs in the Utsman case. Appellants seek a reversal of the district court order that prevents them from in six distinct ways and anyone. Just a second. I thought that I thought the litigation in state court was proceeding. The litigation in state court is only proceeding as to damages your honor. The injunctive and declaratory relief portions of the claims have been stayed pending the resolution of this appeal. So counsel procedurally that I have some difficulty understanding procedurally how this case has been separated. Generally when a case is removed to federal court the entire case is removed. The federal court decides the federal questions and then decides whether to exercise supplemental jurisdiction over the state issues. But it appears that's not what happened in this case. Only a portion of the case was removed. Well what is complicated about this case your honor is that there was never even an actual motion for removal. Instead the county asked the state court to stay the state action which the state court did and requested or required that the plaintiffs use this dispute resolution process which would have been set up through a settlement in the federal case. And that's very unusual. It is very unusual your honor. And so the plaintiffs were essentially dragged into federal court without any jurisdictional errors that the court made in taking jurisdiction over the injunctive claims starting with the lack of federal jurisdiction over the Utsman state claims. So a district court can only remove a state court case to federal court when there is some original basis for federal jurisdiction. There was no removal here. There was never any removal. You said there was never a motion to remove. There was never a motion to remove an order saying it was taking jurisdiction over the injunctive and declaratory. So the district court sui sponte removed the case from state court to federal court? In effect it did because the plaintiffs filed a grievance and went through the dispute resolution process but all the time objecting that the court did not have jurisdiction over their claims. And at a hearing as part of that dispute resolution process the district court issued an order that said I am taking jurisdiction over all injunctive and declaratory relief claims in the Utsman case. And well assuming assuming you are right that the district court should not have assumed jurisdiction over the case is why is this not a classic interlocutory situation? Many times parties will say for whatever reason you don't you don't have jurisdiction district court and if you want that decided on a expedited basis before there's a final judgment you have to file a 1292 B motion. To me this sounds very interlocutory. The reason that this is a final appealable order your honor is for two reasons. One it is a post judgment order so there's already a settlement in the case that occurred in 2019 and so there's no possibility for the Utsman plaintiffs to litigate their issues in the federal case because litigation has closed. There's a judgment and there's lots of case law that says a post judgment order is an appealable order. But is that true as to your clients? It is in the order that Judge Carter made because it's a final order in that one it sends them out of court. It prevents them from litigating in state court because they can't pursue their injunctive claims there and they can't litigate in the federal case because litigation has closed. It's also an appealable final order because it's a post judgment order interpreting or enforcing a settlement agreement and this court has found in several cases that post judgment orders interpreting enforcement settlement agreements are final appealable orders. But there is what is the order that the district court said interpreting the settlement agreement at this point the district court as I understand it has just said these claims may be covered by the Catholic worker settlement and I are part of the Catholic worker class and so I don't know that the district court said that it's going to do anything at this point other than to adjudicate whether there should be some relief. Well the court's order to take jurisdiction is the problem your honor because it cuts off the ability of a right to a jury. All that is cut off because they can't do that in the state case and they can't do that if they're covered by the settlement. Do they have the right to litigate in state court if they are in fact covered by the settlement the individuals. We won't talk about the agency yet. Yes. So we do not believe they're covered by the settlement because the settlement. First of all only covered issues that were related to the Catholic worker case. There's not an identical factual predicate. The Catholic worker case dealt with claims of people who were unhoused who were being criminalized for living outside when there wasn't adequate shelter or housing and the failure of shelters to accommodate persons with disabilities. In contrast the Ootsman case dealt with claims of people living inside shelters and challenged a number of policies and practices including the lock in policy. A discriminatory policy that segregates unhoused people from their community and prevents them from literally walking in or out of the shelter prevents them from being on the sidewalk within a mile of the shelter and forces them to use a bus shuttle or a car to access or egress the shelter. Otherwise they can be evicted from the shelter and beyond that the dignitary and stigmatizing harms that that policy causes it caused actual concrete harms to the plaintiffs in the Ootsman case. So for example when people don't have policy just arise directly out of the obligation to provide shelter in the first place that was covered by the settlement agreement. But that doesn't mean that the county can never be sued for new policy policies that it enacts. So that Frank case is very on point here. In Frank flight attendants at United Airlines sued United Airlines for a wait policy and there was a settlement and this court found that that settlement could not preclude a subsequent lawsuit brought by flight attendants for conduct that occurred after the settlement and that was a new policy. And that's exactly what happened here. The plaintiffs in Ootsman are suing for conduct that happened after the settlement. Six of the plaintiffs lives in shelters that enforce the lock in policy after the date of the settlement. Mr. Bowie as recently as 2022 lived in a shelter that was enforcing the policy three years after the settlement and the court in Frank was very clear that a settlement cannot preclude conduct that happens after the date of the settlement. And a permanent get out of jail free card that immunizes Orange County from any future litigation involving the rights of unhoused people in the county. The settlement can cover what was covered in the lawsuits the Catholic worker lawsuits but it cannot prevent people from ever suing the county for future actions that the county takes regarding the rights of unhoused people in the county. One of the problems it seems to me is the fact that you talk about the lock in policy not being covered by the settlement. But it appears that that's only one of many many allegations and complaints you have about the housing situation some of which would appear to be clearly covered by the settlement. Well again we don't think it's covered by the settlement for a number of reasons. I'm going to move to the notice issue here because I think that's I think that's definitely something the district court ought to have the first crack at it. We don't even know what the notice was. Well there was no notice your honor. That's very clear from the record that the court approved the class on the same date that it approved the settlement. So there was no possible way there could have been notice to the class because the class was not even identified until the same date when the court approved and finalized the settlement. So the court completely ignored the which say that any time you are approving a settlement for injunctive relief in a class action you must provide notice to the class. These are fundamental due process protections because the settlement binds an entire class of people. They are entitled to notice and they have an opportunity to object. And the settlement when there had not been notice to the class and this court has found when there are due process violations the result of that is that the settlement cannot preclude a subsequent claim by class members who are not provided notice. So for example in the Hecht case the court found that when an a subsequent claim. Returning to the lack of federal jurisdiction, I think the Syngenta case is really on point here because that court made very, very clear that a there were no federal claims, there was no diversity of parties, and in Syngenta the court found that even when there was a settlement in a federal case that required a party to dismiss a state court case and that party continued with the state court case, the federal court did not have jurisdiction to remove that state court case to federal court in order to affect its own judgment when there was no original jurisdiction. So again, in this case there was no original jurisdiction for the federal court to take up the Utsman claims. Also important to note that the settlement made very clear that the dispute resolution was voluntary. It only applies to homeless individuals who consent at the time of requesting the dispute resolution process to be bound by that process, and the Utsman plaintiffs did not consent to that process and yet appellees and the district court have tried to force the Utsman plaintiffs to use this process. Also when you look at the settlement agreement and you look at the claims that were released, they only deal with claims detailed in the lawsuit, which the lock-in policy was not, relating to the availability of homeless shelters, the county's obligation to fund shelters, or the availability of state funds. Or the sheriff department ability to enforce county ordinances. And again, the Utsman claims are not covered by any of these releases. I think I'd like to reserve the rest of my time unless the court has any questions. Thank you. Good morning, Your Honor. May I please the court? Gomez-Andea, Deputy County Counsel. I'll be representing County of Orange along with my co-counsel, Supervising Deputy County Counsel, Ms. Knapp. I will be addressing this court's lack of jurisdiction to hear this appeal along with very small remarks as to the consent decree retained jurisdiction by the district court and the fact that it has not been lapsed. Ms. Knapp will be addressing district court's jurisdiction, notion of comity, and notice of class. There is nothing before this court that provides this court with jurisdiction to hear this case. I think this court had realized that procedurally this case is a little bit complex and it's not your usual removal and remand matter. District court did not remove this case. District court did not spontaneously took over this case, but rather this originated in state court. That's the difficulty for me procedurally, that it was a state court case that ended up in the federal court. There are mechanisms to do that. And the primary one is removal. And so I have some difficulty saying this case was moved to federal court, but there was no motion to remove the case. So under what vehicle did this case go from state court to federal court? Your Honor, the Superior Court of Orange County, in its minute order on August 11, 2021, indicated that it's exercising its discretion under state law to stay the action and actually ordered the Utzman plaintiffs, two of which are appellants in this matter, to use the Catholic worker settlement. So what case allows a state court to remove part of its case to federal court? I'm not aware of any procedural mechanism that would allow a state court to remove a state proceeding to federal court. Your Honor, the Superior Court referenced two cases that allow it to exercise its discretion to actually state a procedure, and it said the matter... And I think, Your Honor, that would be one of the basis that we are actually asserting that this court does not have jurisdiction to hear the case because the Superior Court's ruling should be appealed. That is where appellants should go to. The district court held that all injunctive and declaratory relief claims had to be pursued in compliance with the agreement. It said that it was accepting jurisdiction. So, I mean, the district court made an order. What are we to make of that? I share Judge Rawlinson's question. I really don't understand procedurally how the district court decided it could make that order when there was no motion. Well, at this time, Your Honor, I agree that district court made that order, but the issue, the crux of the issue is that the state court ruling should be appealed so that basically the state court, the state Superior Court, stayed the matter and basically said that I will stay this proceeding because I believe that federal court is more equipped to hear this because of the familiarity between the parties, the claims, and for judicial economy, and the fact that this global settlement agreement encompasses similar issues and similar matters, I'm going to actually send that over the objection of the plaintiffs. The state court doesn't have the authority to send a case to federal court. The parties have the mechanism to remove a case to federal court, but a state court does not have authority to send a case to federal court. That's where I'm having some difficulty procedurally with even getting to the issue of what the federal court did because I just can't see how procedurally the case was properly in federal court. And I think we agree that that is the reason that we are saying that the state court ruling should have been appealed and we are in the wrong court. And other reasons that we are in the wrong court, we are at this court. Were you in the wrong court before the district court? Well, for the appellate purposes, what's before this court today is that we believe that the court doesn't get to review this district court's ruling just yet until the state court is being appealed. But if the case never should have been in district court in the first place, why wouldn't we review that question? Even, Your Honor, reviewing it right now would not undo what the state court did, which is exercise a stay. What is the document, before a district judge takes action, there has to be something before him or her? What is the document that said to Judge Carter, we need to do something? Did you file a motion? Was it something that, I mean, what got filed in the U.S. District Court? Your Honor, on top of my head, I'm not aware of anything except for the minute order. And subsequently, I believe there were letters that were filed with basically small briefs about some of the issues such as signage and whatnot. But I do not recall exactly the process that was brought before the court. But you're saying the minute order from the state court is what? I think it initiated everything, but I do not recall on top of my head exactly. I would like to briefly also address that there is no final order before this court. The court simply accepted jurisdiction at this time, and it did not finalize a litigation. Not all post judgments are appealable. They are post judgments that are appealable because the probability of filing an appeal will be precluded. Subject matter jurisdiction is something that always can be brought up. But isn't this an order sort of enforcing a settlement agreement, which we have found is a final order that's appealable? Your Honor, we believe it's not. It's just that we are, the court said, district court said, I'm going to accept jurisdiction when you bring your claims in front of me. And that has not been brought. No injunction has been filed, especially on the policy that has been misrepresented at the lock-in, lock-out, which is a good neighbor policy. We have issues with the characterization, but that's not before the court. It was never briefed in the district court. It was never briefed in state court, despite months and months of having the ability to do so. And that's why the case is not even ripe to be before the court at this time. And subject matter is not of an interest that will be lost once there is an actual judgment. And finally, we would like to say that it's not an interlocutory order that was certified to be able to. It is an interlocutory order, but it was not properly certified to be before the court. If there was a request for them to review it as an interlocutory order, they should have gone through the 1292 and certified it, which it has not. Counsel, if this is not a case enforcing the settlement agreement, that's the only basis for the federal court to have assumed jurisdiction, was to enforce the settlement agreement against these plaintiffs. What other basis would the district court have to have assumed jurisdiction? Your Honor, right now what's before the court is just that the district court is saying, when the state court abandoned that jurisdiction and said, go to federal court, now they have a day in court that says, I'm going to hear your cases. But nothing has been brought in front of them. And, of course, with the settlement agreement. It's not hearing the case as a new case. It's hearing it in conjunction with its ability to enforce the settlement agreement. Yes, Your Honor, but hasn't enforced it yet because there is no case or controversy that was briefed in front of it. All right, thank you, Counsel. Good morning, Your Honors. Laura Knapp, Supervising Deputy, also on behalf of the county. I'm here to address the issues of ancillary jurisdiction, notice, and the concept of comity. It's our contention that Judge Carter properly accepted jurisdiction over the injunction claims with regard to the Utsman and Oma's appeal in the present case because of the two-part test set forth in the case of Cokelman. Although the concept of supplemental jurisdiction is codified in the Section 1367, the two-part test still exists in common law. And the two-part test essentially states, A, whether the claim that the federal court is attempting to accept jurisdiction over has interdependent facts with the current case. Well, Counsel, first we have to get it into federal court properly before we apply that test. So that was the difficulty I was having, how it got from state court to federal court. Generally, for a federal court to exercise supplemental or ancillary jurisdiction, there first has to be a federal claim that's brought before the court. And it's brought either in an original complaint or it's removed from state court to federal court. And generally, when a case is removed from state court, the entire case is removed, not part of the case. So that's the difficulty I'm having with the whole supplemental jurisdiction or ancillary jurisdiction argument. You first have to have primary jurisdiction, and that's what I see as missing in this case. I understand, Your Honor. We contend that Judge Carter had primary jurisdiction over the Catholic worker case. And because of that primary jurisdiction, that enabled Judge Carter to accept, once it was sent from the state court, the injunctive relief claims from the Ootsman plaintiffs. What authority authorizes a state court to send a case to federal court? What rule or case authorizes a state court to do that? That's a very good question, Your Honor. And as stated in our brief, the state court made this decision following a plea of abatement. They moved for plea and abatement. That's what the county moved for. And that motion was denied. And then the state court found that because of the similarities of the claims, the injunctive portion of the case should be sent to Judge Carter, at least insofar as the dispute resolution procedure. Go through the dispute resolution procedure. That was the order of Judge Nakamura. And following up on what my co-counsel said, that should be appealed to state court. That is a state court question. That is not properly before this court. That's a jurisdiction question for us, whether or not the federal court had jurisdiction at the time it assumed the authority over this case. Well, Judge Carter accepted jurisdiction of the injunction claims when they were sent to him from Judge Nakamura. It's our contention that Judge Nakamura's ruling, if petitioners are not happy with that, they should appeal that through the state court appellate process. With regard to Judge Carter, he was sent this case. He looks at the facts, and it's our contention he found that ancillary jurisdiction or if the court doesn't agree with our ancillary argument, in just the basic concept of comedy, the court should accept jurisdiction because the facts are. But why can't we review that decision? I mean, why isn't that our job to look at Judge Carter's decision to say I have jurisdiction over this case? I mean, sure, maybe there can also be a state appeal, but I'm not understanding why a federal appeal isn't also appropriate. Well, there's two steps here. The first step was Judge Nakamura's ruling, which sent it immediately to Judge Carter. There's also been no effort. It's problematic, though, because you haven't given me a federal rule or a case that allows a state court to refer a case to federal court. I mean, if that were true, then state courts could refer all kinds of matters to federal court, and we could have dual cases. I just can't contemplate that that can be right, that a state court can just sua sponte say I'm sending this to federal court. Well, and Judge Carter was not asked to make that decision. That decision was made before Judge Carter got the case. That decision was made by the state court and should be appealed in state court. But that's not right because Judge Carter's decision says this court accepts jurisdiction. So that's a decision. That's not saying this case was foisted upon me. That's saying I'm determining that this court is taking it. There's also been no effort from petitioners to send the case back to state court. There are mechanisms to do that. If you don't like that the case has been removed, they can file a defendant. It wasn't removed. I'm sorry? The case was not removed. That would have been a whole different process if the case had been removed. It was not removed. That's correct, Your Honor. The state court sua sponte sent it. So the removal proceedings are not at issue here. It's a whole different procedural conundrum that we have to determine whether or not it legitimately gave jurisdiction to the federal court. And I have some real concerns about that. Your Honor, I would turn then to the concept outside of the ancillary jurisdiction cases which state that a court can take original jurisdiction over a state court matter. If it meets that two-part test, we contend it does. Petitioners' entire claims are based on items that are included within the Catholic worker settlement. The Catholic worker standards of care all involve the ideas of how we run our shelters, how the county approaches caring for the homeless in the shelters, the shelter conditions, everything from pest control to the number of beds. And in this case, there are complete misstated allegations regarding the neighbor policy. Counsel, all of those cases are predicated on the federal court having primary jurisdiction and then deciding whether or not to exercise ancillary jurisdiction over state court claims. So we can't just skip to ancillary claims without them being anchored to a federal claim. And that's the difficulty I'm having with your argument. You're not anchoring it to a federal claim that was properly before the court. We're anchoring it to the Catholic worker case, which is still active and under the federal court's jurisdiction. It's not over. It's an active, ongoing settlement. And the other thing I would point the court to is the concept of comity, which is that three-part test which says same or similar facts. There's cases which have been heard, the Cone case, which has been heard before this court, which essentially said it doesn't have to be identical parties. And in this case, we would contend OMA's claims are similar enough that the court had the right to accept jurisdiction of the injunctive claims. The similarity of the parties, the similarity of the issues, as well as the chronology of the lawsuit, all fall within the realm in which the Catholic worker was decided. And finally, I would ask a question. I think I understand what your argument to be. You keep talking about ancillary jurisdiction. But if I understand your argument, it is that you had the Catholic worker settlement. Under the Catholic worker settlement, the district court retained jurisdiction over items that are included within the settlement. Correct. And that's how the district court would get jurisdiction over the individuals, right? Correct. Putting aside the notice issue. But OMA's foundation was clearly not part of the settlement. So that's where you have to bring in the ancillary jurisdiction? Is that, I mean, we're kind of, do I understand that to be your argument? Yes. That's how you get to ancillary jurisdiction. The primary jurisdiction is with the individuals? Yes. Under the settlement where jurisdiction was retained. Ancillary is against OMA's because they are not part of the settlement. Correct. That's absolutely correct. And if the court would like me to address notice, I still would. Yeah, I would like you to spend a minute or so addressing notice because, I mean, that's another question I have, is how the court, how the settlement agreement would even bind these parties when there was no notice issued. Well, and it's our contention that notice was given. In our brief, we discuss the publications that were made. In addition to the publications, I think it's important to Not by the court, right? I'm sorry? Publications by who? The settlement, yes, the settlement agreement was incorporated by reference and the standards of care were incorporated by reference by the court in its final order with regard to notice. It is true that certification and notice of the settlement were done on the same day, which is allowed by code in the notes. It's 23E. It specifically allows for that to be done. If we're in the record, can we look to see where the notice of settlement was given to the parties? We're in the record. It's our contention that the notice of the grievance procedures and the Catholic Worker Council were ordered to be posted at the shelters. I can actually cite to the record where that is. But does that meet the notice requirements of the federal rules? No. It doesn't. The court has to review the notice of settlement by an abuse of discretion standard. Judge, we would urge the court to remember that these were homeless individuals. It is not your Verizon case where everyone has a cell phone and an address where we can mail notice to. It's not that simple. It was a challenge. Well, but they don't get less. They're not entitled to less notice because they're unhoused. Absolutely not, but notice was a challenge. And Judge Carter, and the main issue when evaluating the notice of settlement the cases have held is to confirm that there's no coercion going on, that there's adequacy of counsel. And this counsel, the Catholic Council. So it's that people who are bound by the settlement are aware that there is a settlement and what the terms of that settlement consist of. Correct. Correct. And although notice of the certification and the settlement were given on the same day, it's our contention that Judge Carter made the finding that notice was proper. Given the involvement, the extreme involvement of the Catholic worker case throughout the riverbed all the way through the years. I would also point out to the court that the settlement wasn't truly final until the standards of care were adopted, which was an entire year after the initial notice was approved. And no one came forward. No one has set forth, including the petitioners, to object to notice. We've received no motion to set aside the notice. This is not even the proper court or the proper forum to review the notice because they have filed nothing to challenge the notice. This is not the original jurisdiction to challenge notice of class. This case is unusual in a number of ways. I would agree with you, Your Honor. Any other questions? No, thank you. All right, thank you, counsel. Thank you very much. I'd like the Catholic Worker Council to speak as well. Thank you, Your Honors. My name is Carol Sobel. I just want to address briefly what I believe is a jurisdictional matter for this court. We do not believe that this appeal is timely under any of the rules and any of the language of Federal Rule of Civil Procedure 4. The time to file this appeal, they filed their motion for clarification in the district court under Rule 60A. And Rule 60A is included within the list of exceptions to the 30-day rule of Federal Rules of Appellate Procedure 4A4A. There are only a limited number of ways you can avoid the 30-day limitation on filing an appeal. Counsel, what date are you saying that the time for appeal ran from? What order of the court started the time for filing an appeal? We believe it ran from Judge Carter's original order on April 22nd. And that the motion for clarification, which was filed way outside of that time period that would have been invoked by the order on April 22nd, it was like four months later, that that does not start the clock running again. The clock ran from the original order. And the original order. The motion for clarification, was it resolved by Judge Carter? He denied it. But here's the key issue. Under the Federal. Why wouldn't that start the time? Because under the Federal Rules of Appellate Procedure 4A4A6, it says you can get relief under a Rule 60 motion if that motion is filed within the time for filing a motion under Rule 59. The time for filing a motion under Rule 59 was 28 days. But, Counsel, I thought a motion for clarification was one of those motions that, it's not one of those motions that tells the time for filing an appeal? It is, but under the Federal Rules of Appellate Procedure, that motion had to be filed within the time to file a Rule 59 motion. That's the explicit language. So how many days was it? I thought it was 28. I thought they filed it on the 28th day. No, they filed the motion for clarification a few months after. It was much more than 28 days. Okay, we'll have to take a look at that. We'll take that up with Counsel. But I believe it is far more than the 28 days that would have been filed. And so it didn't extend the time. It, you know, and as the county counsel has said, there was an option here, there was even an obligation to challenge the actions of the State court when the State court made its original decision. And they have never done that. So there was a vehicle. That's not our issue. I understand that, Your Honors. But I think that the fact of failing to comply with Federal Rules of Appellate Procedure 4. Well, there's some of that on both sides. So, you know, the way this case got into Federal court didn't comply with the Rules of Appellate Procedure. So there's a lot of unusual facts in this case. I agree, Your Honor. But the initiation of this case to Federal court was by the State court, which recognized this. This is a case that had a lot of litigation around this issue. And as this court is aware, from Martin and Grant's past, these are very contentious issues in communities. And this case was an effort, the Catholic worker case, was an effort to get beyond the individual litigation and to set a new way of approaching these issues by saying that, you know, jurisdictions come under one judge and we don't have an instance of one city pushing people to the next city without there being some accountability. We understand that this was an innovative way to resolve the issues, but we still have some legal issues that we have to resolve. It was a commendable effort and very laudable, but we still have some legal issues. Thank you. Can I ask one quick question? Do you think, is it your position, that the lock-in policy is covered by the settlement, that that's a term, a condition of? Well, we don't consider it a lock-in policy, but we can see we have dealt, let me just be really clear, we have dealt with issues that are within their description of the lock-in policy repeatedly under the settlement agreement. How do we get people out in the morning? How do we get people in at night? We have resolved some of those issues. To my knowledge, there is no lock-out policy and has not been. Lock-in? It isn't a lock-in policy that I've seen. We get the complaints. The way this goes is it's our names posted in the shelters, and we get the calls all the time. We probably have dozens of calls in a month about people who challenge one thing or another. We have specifically dealt with some of these issues about how people get out, how people get in. For example, at Bridges, and I would note, Your Honors, that not only has the courtyard closed, one of the facilities that they sued about, but so has La Mesa, the Anaheim facility now. So we're really only talking about what happens at Bridges and under their litigation, because things are closing and changing all the time. I don't think that that's the policy, and when we have had ---- That would be something that would have to be sorted out based on the facts, so we can't decide that, whether or not the policy exists. Absolutely. And as I said, we have dealt with claims that might arguably fall into that, and they have all been resolved. And it is an ongoing policy. It's a very fluid population. It's a very fluid staff at these facilities, and it is an ongoing interaction. Thank you. All right. Thank you, Counsel. Rebuttal. Rebuttal. I'd just like to respond to some of the Court's questions. So the reason the plaintiffs did not appeal the state court ruling on the stay was because it was not an appealable order. The district court has made an appealable order, which is why we appealed the court's order. And to answer Judge Rollins and your question about how this got into federal court was that after the state court granted the motion to stay that the county made, the parties did file one very limited grievance request and asked the court for its assistance through the court's dispute resolution process. And then to the plaintiff's surprise, in the process of the court dealing with that dispute resolution process, the court issued this order that said it was taking jurisdiction over all injunctive and declaratory relief claims in the Ootsman case, even though the dispute that was before the court was much, much narrower. And so then, confronted with that order, which was a final order, plaintiffs appealed that order. Could you address the issue of whether or not your appeal is timely? Yes. So I think Counsel is talking about the rules for interlocutory appeals, and we are not doing an interlocutory appeal. We're appealing a final order. What order are you appealing? What's the date of the order? Well, we're appealing the date that the appeal runs from is the date when the motion to clarify was denied. And was the motion to clarify filed within 28 days of the order from which you're appealing? So the district court order was on May 4, and the motion for clarification was on May 31. So, yes, the motion for clarification was timely. There was never an objection. The motion for clarification was not timely. And then the judge issued denied the motion for clarification on August 25th, and appellants filed their notice of appeal on September 23rd. Is there anything else, Counsel, to wrap up? I think this court, I think everybody agrees this case should not be in federal court, and this court is the one that has the power to send it. I don't think opposing counsel agrees with that. This court has the power to send it back to state court, and we ask that the court do so. Again, this case deals with really fundamental rights under the California Constitution, the freedom of movement, the right to equal protection against invidious discrimination, and lower court errors which affect constitutional rights are deemed structural and must be reversed. Counsel, what's your response to counsel for Catholic workers saying within the lock-in, lock-out policies that are being asserted by your clients? They may be addressing it for individual unhoused people, but we are representing people. We just filed an amended complaint with new plaintiffs who are currently living in a shelter that is currently enforcing the policy. And we brought our lawsuit because we're not interested in tinkering with the policy for one person. We think the policy is unlawful and should not be applied to anybody, and that is the purpose of our lawsuit. And that shows that the grievance process is not capable of making these global changes to a policy that the county is enforcing. It's only doing individual tinkering here and there while we're trying to get rid of the entire policy, and the state court case would give us an avenue to do that. All right, thank you, counsel. Thank you to all counsel for your helpful arguments in this challenging case. The case just argued is submitted for decision by the court. We are on recess until 930 a.m. tomorrow morning. All rise. This court for this session stands adjourned.
judges: RAWLINSON, Melloy, THOMAS